## JAMES H. FORNEY v. FILMORE L. DOW.

(Filed September 10, 1903.)

1. **RESULTING TRUST—Action Will not Lie for, When—Practice—Demurrer.** Findings of fact made by the secretary of the interior will be treated as conclusive in the absence of the record, or a copy thereof, from which such facts purport to have been found.

2. **FINDINGS OF FACT BY INTERIOR DEPARTMENT.** When a court of equity can say that the findings of fact made by the secretary of the interior in a contest case are reasonably supported by the evidence introduced by the opposing parties on the hearing of such contest, and that the facts found support his conclusions of law, it will decline to entertain a bill by the losing party to declare a resulting trust, when such bill discloses the above state of facts; because it fails to state a cause of action, and a demurrer thereto on that ground should be sustained.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before, John L. McAtee, Trial Judge.*

*Rush & Steen,* for plaintiff in error.

*C. H. Parker,* for defendant in error.

Opinion of the court by ·

BURWELL, J.: James H. Forney and Filmore L. Dow were contestants for the southwest quarter of section twenty-nine in township twenty-three, north of range five west, I. M., in Garfield county, before the United States land office at Enid, O. T., on the ground of prior settlement. The land was finally awarded by the secretary of the interior to the defendant in error, who submitted his final proof and received his final receipt and patent therefor. After Dow received his patent, the plaintiff in error commenced this action in the district court of Garfield county to have Dow decreed to hold the land in trust for him. The petition has attached to it, and made a part thereof, the findings of the secretary of the interior, but the evidence taken in the contest case is omitted from the record. To this petition Dow filed a general demurrer, which was sustained, and the plaintiff, having announced that he would stand upon the petition, judgment was rendered for the defendant for costs, and Forney brings the case here on appeal.

The judgment of the lower court must be sustained.

The secretary found that Dow made the race into the country on September 16th, 1893, (the day of the opening of the Cherokee Strip, the country in which the land in controversy is located, to settlement) and selected this land at between one and two o'clock of that day; that on his arrival

on the land he erected a stake near the southwest corner of the land, with a white flag attached, on which his name was written; that on the same day, not being definitely certain as to the exact location of the corner, he drove a split piece of board about eight inches long into the ground some paces to the northeast of his first stake, in order that he might be reasonably sure that one of his stakes would fall within the boundaries of the claim; that he remained there two or three hours, and then went to the land office to file, but did not get his entry of record until October 2nd, 1893; that he returned to the land every two or three days between the day of the opening and the date of his filing; that on one of these trips .Dow threw up a small mound of dirt near the place where he drove his second stake; that on September 30th, fourteen days after the opening, Forney went upon the land and threw up four small mounds, one a few paces inward from each corner, and placed on each a board with another small board across the top, with his name and address marked on it; that the next day, which was the day before making his entry, Dow placed an A shaped box near where he had flagged the land on the day of the opening, and that this box was made by sawing eight sixteen foot boards in two equal parts and nailing them to a scantling or ridge pole in a slanting position, and one end of this box or structure was boarded up; that Dow did not again return to the land until March 1894, when he established his residence thereon, and has lived there ever since; that Forney, after placing the small mounds and stakes on the land on September 30, 1893, went to Kansas for his team and returned in a week, (which was four or five days after Dow had filed his entry), with a tent, and commenced the construction of a sod house, com-

pleting it about a week later; and then, later on, made other improvements, and has maintained his residence ever since; that the improvements of the two are of about equal value; that Dow's claim to the land must date from his filing on October 2, 1893, which was prior to any sufficient act of settlement on the part of Forney. In fact, the secretary holds that the acts of neither Dow nor Forney, made prior to Dow's entry, were sufficient to constitute settlement.

The findings of fact made by the secretary of the interior must be treated as conclusive in this case, there being no copy of the evidence from which the secretary made his findings, presented in the record; and the findings of fact made by him are sufficient to support his conclusions in awarding the land to Dow.

The judgment of the lower court is affirmed, at the cost of the appellant.

Gillette, J., absent, all the other Justices concurring.